2 So.2d 112

### PIERCE v. STATE.
### 7 Div. 499.

Court of Appeals of Alabama.
March 18, 1941.

Rehearing Denied April 8, 1941.

Gerald & Gerald, of Clanton, and Frank Head, of Columbiana, for appellant.

---

[1] Ante, p. 115.

Thos. S. Lawson, Atty. Gen., and .Wm. H. Loeb, Asst. Atty. Gen., for the State.

BRICKEN, Presiding Judge.

On the 26th day of May 1939, the grand jury of Shelby Circuit Court found, and returned into open court, as the law requires, an indictment which charged this appellant (defendant below) with the offense of rape, a capital offense under the laws of this State. On said date the trial court made the proper and necessary orders, and set the trial of the case for May 31, 1939. The trial resulted in the conviction of the defendant, and the jury fixed his punishment at imprisonment for the term of ten years. Judgment of conviction was duly pronounced and entered in accordance with the verdict of the jury; from which this appeal was taken.

After said judgment of conviction and within the time allowed by law, the defendant filed his motion to set aside the verdict of the jury, and to set aside the judgment and sentence of the court, and grant defendant a new trial. Said motion was predicated upon sixteen separate and several grounds therein assigned. Among said grounds, the following grounds of motion appear. Towit: "(4) For that the verdict of the jury and the judgment and sentence of the court thereon is contrary to the great preponderance of the evidence. (7) For that prejudicial error to this defendant was committed upon the trial of the said cause, in that, one Reese Woolley, a juror in the trial of said cause, had a fixed opinion as to the guilt of the said Burl Pierce prior to the time of his selection as a juror in the said cause, and said fixed opinion was unknown to the defendant or his counsel, until the verdict was rendered in said cause. (8) That the defendant was not accorded a fair and impartial trial by impartial jurors as guaranteed by the constitution of the State of Alabama."

The trial court overruled and denied the defendant's motion for a new trial and an exception was duly and legally reserved to the action of the court in this connection. This appeal, as stated, is from the judgment of conviction, and, also, from the judgment of the court overruling and denying the motion for a new trial.

We have attentively read, and carefully considered, all the evidence adduced upon the trial of this case. It reveals a peculiar state of facts. We are of the opinion that if the jury believed the testimony of the woman alleged to have been ravished, beyond a reasonable doubt, and to the exclusion of all the other testimony in the case, then they were justified in reaching the conclusion that the defendant had ravished her as charged in the indictment. However, the testimony of the defendant, and of Edna Lee Blalock, Mrs. Merdice Knowles, Thelma Knowles, Floyd Knowles and Lowell Evans, witnesses for the defendant, all in contradiction of the testimony of the prosecutrix, together with the confused state of her testimony, leads this court to the conclusion that the jury failed to give due consideration to all the testimony, as under the law it was their duty to do, and that their verdict was the result of some influence which should not have operated upon the trial of the case

in the court below. According to the testimony of the alleged injured party, the defendant, by force and violence compelled her to submit to an act of sexual intercourse with him, and this at a spot between 50 and 100 yards (closer to 50 yards than 100 yards) from the residence of one, Charlie Bailey. She made no outcry. She did not call for assistance but suffered herself to be pulled out of the car, and while being held by one hand of the defendant, with the other hand he got the car cushion out of the back seat, placed it on the ground and threw her (the woman) on this cushion, and had sexual intercourse with her. All of this, according to the testimony of prosecutrix, happened within some fifty yards of the residence of Charlie Bailey, and yet she, the woman alleged to have been ravished, made no outcry.

According to the testimony of the defendant, what took place was done by prearrangement and entirely with the consent of the prosecutrix, who according to the testimony of Edna Lee Blalock, after the act had been committed by them, made a date with defendant for the following Saturday night.

We are of the opinion that the trial court should have granted the defendant's motion for a new trial. We think he is entitled to a new trial so that another jury may pass upon the evidence, and our opinion and judgment is, that the court committed error to a reversal in refusing to grant said motion.

Moreover, it is shown by the testimony, without substantial dispute, that Reese Woolley, one of the jurors sitting upon the trial of the case, had a fixed opinion as to the guilt of the defendant expressed by him prior to the time of his selection as a juror in the case; which fixed opinion was unknown to the defendant or his counsel and which was undisclosed by said juror to the trial court. This juror not only expressed his fixed opinion as to the guilt of the defendant, but on the day that the case was set for trial in the court below, this juror went to the home of the prosecutrix and her parents, at their request and according to a prearranged plan, and brought them in his automobile from their home, a considerable distance, to the court house of Shelby County, and there remained in their presence conversing with them until he was actually called to the jury box.

Section 6 of the Constitution of Alabama provides that in all criminal prosecutions by indictment, the accused has the right to a speedy public trial by an *impartial jury* of the county or district in which the offense is alleged to have been committed.

It is the contention of the appellant that equal protection of the laws guaranteed to him under the 14th Amendment of the Constitution of the United States was denied to him upon his trial in that he was denied a trial before a fair and impartial jury.

In a capital case the right of being tried before a fair and impartial jury may be described as being among the "immutable principles of justice which adhere in the very idea of free government which no member of the Union may disregard."

A judgment based upon the verdict of any jury, other than a fair and impartial jury, is wanting in the true and just attributes of a judicial determination. Such a judgment is judicial usurpation and oppression and ought never to be upheld where justice is justly administered.

In the case of Pointer v. State, 24 Ala. App. 23, 129 So. 787, 791, this court said: "In the instant case the defendant, upon learning of the disqualification of the juror, assigned the same as a ground of his motion for a new trial. This was the proper course, and the only course open to him. Having no knowledge of the disqualification of the juror, nor even reason to suspect such disqualification, he could not protect himself by examination of the veniremen. This case is, of course, manifestly distinguishable from cases in which a defendant, knowing in advance of the disqualification, has waived it by failing to make objection to the juror, or cases in which, upon discovering the disqualification before the conclusion of the trial, the defendant has invoked the wrong remedy, such as asking the privilege of remodeling the jury panel. This ground of the appellant's motion for a new trial was well taken."

In addition to the grounds upon which the motion for a new trial was based which have been hereinabove quoted, the evidence upon the hearing of the motion for a new trial, practically without dispute, proved grounds 9, 10, 11, 12 and 13 of said motion. We do not deem it necessary to incorporate these grounds of the motion in this opinion.

Reversed and remanded.